IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 6:20-cv-03065-MDH ) |
| ATLANTIC SPECIALTY INSURANCE COMPANY | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Atlantic Specialty Insurance Company's ("Atlantic") Motion to Dismiss (Doc. 7) Plaintiff Philadelphia Indemnity Insurance Company's ("Philadelphia") Complaint for lack of subject matter jurisdiction due to Plaintiff's lack of standing to bring its claims.

## BACKGROUND

This case arises from Philadelphia's claim that Atlantic failed to contribute its alleged pro-rata share to the indemnification of losses sustained by Philadelphia's and Atlantic's purported common insured Shoji Entertainments, Inc. ("Shoji"). Philadelphia alleges that the terms of each insurance policy place a common obligation on both Philadelphia and Atlantic to indemnify Shoji, for a fire in 2017 and burst frozen water pipes in January 2018, and the terms of each insurance policy set forth the ratios at which each insurer is obligated to indemnify Shoji for the alleged commonly insured losses. Philadelphia claims that Atlantic has refused to contribute a pro-rata share of payment for the covered losses. Atlantic claims in response that it provided coverage

under its "difference in conditions" policy, which it claims covered Shoji for certain discrete risks not covered by Philadelphia.

Philadelphia claims that, "in the interest of protecting the insured Shoji," (Doc. 12 at 5) Philadelphia paid Shoji's losses in an amount representing both its and a majority of Atlantic's alleged pro-rata indemnification obligations. Philadelphia brings this action, which includes claims for declaratory judgment, equitable contribution, equitable subrogation, unjust enrichment, and non-contractual indemnity, seeking repayment from Atlantic for Atlantic's alleged pro-rata share of the indemnification of Shoji's losses.

## STANDARD OF REVIEW

The Eighth Circuit has explained that a "court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack'." *Osborn v. U.S.*, 918 F.2d 724, n. 6 (8th Cir. 1990). In a facial attack, the defendant argues that the complaint fails to allege sufficient facts to support subject matter jurisdiction. *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.* (internal citations omitted). . In a factual attack the moving party submits evidentiary materials such as affidavits or depositions to attack the jurisdictional allegations of the complaint, and the court may consider that evidence when determining whether it has subject matter jurisdiction. *Titus*, 4 F.3d at 593.

Additionally, "federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). A plaintiff's standing is a threshold question in every case that affects the court's power to hear the suit. *Id*. "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged

conduct, and (3) that the injury likely will be redressed by a favorable decision." *Id.,* citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury-in-fact exists where the plaintiff has sustained, or is in immediate danger of sustaining, a concrete and particularized harm that is "'actual or imminent, not conjectural or hypothetical.'" *See Id.*

## DISCUSSION

Atlantic claims its Motion to Dismiss is both a factual and facial attack on Philadelphia's Complaint. (Doc. 17 at 2). Each are discussed in turn.

### Facial Attack

Both Atlantic and Philadelphia contend that Atlantic's Motion to Dismiss may be read as a facial attack on Philadelphia's Complaint. Philadelphia argues that Atlantic has not submitted any affidavits or other evidentiary materials in support of its motion, and that the substance of the motion appears to be an argument that the Complaint's allegations fail to establish Philadelphia's standing to assert an actionable controversy. (Philadelphia's Sugg. in Opp. To Motion to Dismiss, 7).

Atlantic's Motion argues that Philadelphia cannot establish standing in this Court and thus the Court lacks subject matter jurisdiction. The three elements of standing are that the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "Standing analysis does not permit consideration of the actual merits of a plaintiff's claim." *Graham v. Catamaran Health Solutions LLC*, 940 F.3d 401, 407 (8th Cir. 2017). "In assessing a plaintiff's Article III standing, [courts] must assume that on the merits the plaintiffs would be successful in their claims." *Am. Farm Bur. Foundation v. U.S. E.P.A*, 836 F.3d 963, 968 (8th Cir. 2016).

In the instant case, the primary question is whether Philadelphia's Complaint properly sets out an injury-in-fact. An "injury-in-fact is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *ABF Freight*, 645 F.3d at 959. This "requires only a judicially cognizable interest." *Id*. The questions the Court must answer are (1) whether the interest is cognizable, and (2) whether the plaintiff is among the injured. *Id*. (citing *Lujan,* 504 U.S. at 562-63).

Philadelphia notes that, in Missouri courts, an insurer may have a cause of action by alleging that it and another insurer have a common obligation to indemnify a loss and the other insurer refuses to pay its share of the loss. *Heartland Payment Sys., LLC v. Utica Mut. Ins. Co.*, 185 S.W.3d 225, 232 (Mo. App. E.D. 2006) (internal citations omitted) (emphasis added); *Mo. Public Entity Risk Mgmt. Fund v. Am. Cas. Co. of Reading*, 399 S.W.3d 68, 74-80 (Mo. App. W.D. 2013); *see Federal Ins. Co. v. Gulf Ins. Co.*, 162 S.W.3d 160 (Mo. App. E.D. 2005) (deciding claims by one insurer against a co-insurer for declaratory judgment and equitable contribution).

The Court agrees with Philadelphia that the actual, particularized injury asserted in the instant case is clear. Philadelphia claims that it and Atlantic provide concurrent coverage for Shoji's losses, so that a payment of Shoji's full losses by Philadelphia without contribution from Atlantic in the amounts called for by the terms of the respective insurance policies would result in Philadelphia having paid an amount far greater than the pro-rata allocation set forth in the insurance contracts. Simply put, Philadelphia's alleged injury is that Philadelphia overpaid its own obligation to cover Shoji's losses, and so is owed excess money it paid by Atlantic.

Atlantic argues flatly that Philadelphia's claim is invalid, because the Philadelphia and Atlantic contracts, it claims, do not cover the same risk. According to Atlantic, the Atlantic

policy only covers losses not already covered by Philadelphia's policy and, specifically, flood and earthquake damage. Whether or not the policies at issue do in fact overlap in coverage is clearly at the heart of this lawsuit, and Philadelphia supplied ample language from both policies that tend to support its factual allegations. Analyzing Atlantic's Motion as a facial attack, the Court declines to find that Philadelphia has not adequately alleged an injury-in-fact.

## Factual Attack

Atlantic claims its Motion could alternatively serve as a factual attack on Philadelphia's Complaint. Atlantic's proffered evidentiary materials plainly consist of a broad description of Atlantic's policy, which merely forms the bare conclusion that Atlantic's policy does not overlap in coverage with Philadelphia's policy. Atlantic rests much of its argument on the fact that its policy is named a "Difference in Conditions" ("DIC") policy. Notable pieces of evidence it submits are the general definitions and descriptions of what a typical DIC is.

When Atlantic does refer to its own specific policy, the excerpts offered do not sufficiently invalidate Philadelphia's allegations. It notes its "Property Not Covered" and its "Limits of Insurance" provisions as allegedly conclusive determinations that Atlantic's policy avoids any common coverage with Philadelphia. Atlantic claims that the fact that its policy allegedly only covers earthquake and flood damage is supported by indirect and inferential language regarding which deductibles are specifically listed in the policy and that Atlantic charged a smaller premium because earthquakes are less probable to occur in Branson, Missouri. Ultimately, Philadelphia's Complaint highlights numerous passages and provisions of both Philadelphia's and Atlantic's policies that tend to support its factual allegations, while Atlantic's "factual attack" relied heavily on what is typically expected of a DIC policy, and well as limited and less than convincing language from its own policy. The Court, having considered the evidence in light of a

determination of subject matter jurisdiction, finds that Philadelphia has sufficiently alleged an injury-in-fact as an element to grant it standing to bring this lawsuit.

**Causation and Redressability**

Having found that Philadelphia does indeed have an injury-in-fact, the remaining two elements of standing are clearly met. The second element of standing is that the injury-in-fact be fairly traceable to the conduct of the defendant. *Braden*, 588 F.3d at 592 (8th Cir. 2009). This element has been found to be present when there was alleged to be a mere causal connection between the defendant's action and the plaintiff's injury. *Id*. The Supreme Court has noted that the burden of showing this element is "relatively modest." *Bennett v. Spear*, 520 U.S. 154, 171 (1997). Here, causation is fairly simple. Philadelphia will sustain losses if Atlantic refuses to contribute to the indemnification of the allegedly common insured Shoji.

The third element of standing is that the plaintiff's alleged injury is likely to be redressed by a favorable judicial decision. *ABF Freight*, 645 F.3d at 958. Where the lawsuit seeks remedies for the alleged wrongful conduct and resulting injuries, the element of redressability is satisfied. *Id*. at 961. Here, a favorable judicial decision would redress Philadelphia's injury, because it would order Atlantic to repay Philadelphia the amount that Philadelphia is allegedly owed by Atlantic.

**CONCLUSION**

Wherefore, for the reasons stated herein, the Court finds that Philadelphia's Complaint satisfies the three requirements of standing: injury-in-fact, causation, and redressability. Atlantic's Motion to Dismiss for lack of subject matter jurisdiction fails as either a facial attack of factual attack on the Complaint. Therefore, Defendant's Motion to Dismiss (Doc. 7) is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 19, 2020                                         */s/ Douglas Harpool*
                                                              **Douglas Harpool**
                                                              **United States District Court**